386 P.2d 793

**The STATE of Arizona, Appellee,**

**v.**

**Felix Genaro HERNANDEZ, Appellant.**

**No. 1352.**

Supreme Court of Arizona.

En Banc.

Nov. 20, 1963.

Dale Head, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., Charles N. Ronan, County Atty., for appellee.

PER CURIAM.

Appellant was convicted of first degree burglary and grand theft. He was sentenced to from 4 to 5 years on the first count and from 5 to 10 years on the second count. He was represented by counsel at the trial. He filed his notice of appeal in

**68**

propria persona and thereafter counsel was appointed by the trial court pursuant to A.R.S. § 13–161 to assist him in his appeal. Counsel stated to this court that he has read the record and the transcript and could find no grounds on which an appeal could be based. This court ordered the appeal be submitted on the record and transcript of testimony for examination for fundamental error.

We have examined the record and transcript of testimony and find no error. The State's case was based on the circumstantial evidence that the defendant was found in the possession of stolen property within hours of the time the theft was discovered. He had no satisfactory explanation for having the property in his possession. The premises from which the property was taken had been broken into during the night time. There was other competent evidence consisting of the fact that a crowbar, tire iron, and screwdriver were found in appellant's car. He had chemicals on his shoes consistent with chemicals spilled on the floor of the burglarized premises. He made an admission against interest to the police who testified he had offered to "cop out" if he was given probation. The trial court properly instructed the jury on the effect of circumstantial evidence and on the weight to be given the possession of recently stolen property. The record contains sufficient evidence to justify the jury in returning a verdict of guilty and no testimony which would have improperly prejudiced the jury was brought out at the trial.

Affirmed.